Philip Green (SBN 092389)
Beverly R. Green (SBN 092388)
1000 4th Street, Suite 595
San Rafael, CA 94901

(415) 457-8300
phil@iplegal.com

Attorney for Plaintiff
Headlands Ventures, LLC

William E. Adams (SBN 153330)
Dawn Newton  (SBN 209002)
FITZGERALD ABBOTT & BEARDSLEY, LLP
1221 Broadway, 21st Floor
Oakland, CA 93612

Tel: (510) 451-3300
Fax (510) 451-1527

wadams@fablaw.com
dnewton@fablaw.com

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO BRANCH

Headlands Ventures, LLC,

     Plaintiff,

  vs.

Mike Brain, dba Mike's Bikes,

     Defendant

Case No.:  CV 08- 0059 JSW

JOINT CASE MANAGEMENT STATEMENT

Judge: HONORABLE JEFFREY S. WHITE

Complaint Filed:           January 4, 2008
Trial Date:                    None Set

# JOINT CASE MANAGEMENT STATEMENT

Pursuant to Civil L.R. 16-9.  Unless otherwise noted, the matters set forth herein were discussed and agreed upon by the parties during their Rule 26 (f) conference. Where one party sets forth a separate statement concerning one of the required topics or indicates a disagreement with the other party's position, the signing of this statement does not constitute a concession or agreement with such a statement or can be construed as an admission.

1. **<u>Jurisdiction and Venue</u>**

    a.  The parties agree that the Court has subject matter jurisdiction over Headlands Ventures, L.L.C.'s claims under 28 U.S.C. §§ 1331, 1338, 1367 (a), in that it is a civil action presenting a Federal question arising under the Lanham Act, 15 U.S.C. § 1051 et seq.  No issues currently exist with respect to personal jurisdiction and venue.  All parties believe that venue in the Northern District of California is proper.   Headlands Ventures, L.L.C. and Mike Brain have appeared and have been served with the Complaint and Answer.

2. *<u>Facts</u>*

    **(A)   Plaintiff's Facts**

    *Headlands Ventures, L.L.C. Statement.*

Headlands Ventures, and its predecessors have used consistently the name

"**MIKES**" since the mid 1960's with regard to its retail bicycle centers, shops, repair services retail bicycle sales, parts sales and services.  The registered trademark MIKES BIKES is for, "…Retail outlets featuring bicycles; Retail shops featuring bicycles; Retail store services featuring bicycles; Retail store services in the field of bicycles featuring a bonus incentive program for customers; Retail store services, available through computer communications and interactive television, featuring bicycles and bicycle repair; Retail stores featuring bicycles and Retail bicycle stores."

Plaintiff adopted and has used the trademarks MIKE'S, MIKES BIKES, MIKE'S Bicycle Center and other MIKES marks for Bicycle sales and service for more than 44 years. Plaintiff has expended large sums to advertise, use and maintain its MIKES trademarks and has established substantial good will in this marks. Specifically, Plaintiff and its predecessors in interest have used the MIKE'S trademark since at least as early as December 31, 1964 and in documented advertising since 1966.

Plaintiff has made great efforts to establish public recognition of its mark as identifying Plaintiff  as the source of high quality retail bicycle sales, service and support. As a result of these efforts, Plaintiff has established substantial consumer recognition of the MIKE'S trademarks and goodwill, and it has become one of Plaintiff's valuable assets.

By late 1966 Plaintiff had become a very popular bicycle retail and service center and had become known to its clientele and customers as **MIKE'S BIKES**.

Plaintiff has obtained a federal registration of its MIKE'S BIKES ® trademark on the Principal Register of the United States Patent and Trademark Office, Registration No. 3100552 which is currently in full force and effect.

Plaintiff has developed and has used the Domain Name www.mikesbikes.com at least since 29 October, 1999 and has used the Domain Name mikesbicyclecenter.com at least since 14 January, 1999 to advertise its services.

Upon information and belief, Defendant is using the identical trademark "Mike's Bikes" and the domain name "Mikesbicycles.com" for what are identical services as those of Plaintiff.  Further, Defendant's use of *Mike's Bikes* is only a fictitious and descriptive name for *Mike Brain* who is a sole proprietorship business organized and existing under the laws of the State of California, selling bikes.

Defendant Mike Brain conducts his business over the internet through its website at http://mikesbicycles.com and on the website, in signs, advertisements and other ways Defendant Mike Brain advertises his business as "Mikes Bikes" which serves to increase confusion nationally and internationally.

Defendant is a seller of bicycle maintenance and repair services and retail services featuring bicycles and bicycle parts, apparel and accessories since February 1982, in direct competition with Plaintiff. Upon information and belief, Defendant Mike Brain is the only principal and person in control of Mikes Bikes / Pleasant Hill. Upon information and belief, Defendant started his business in direct competition and with full knowledge of MIKE'S BIKES ® and is acting in willful infringement of Plaintiff's rights.  Defendant has no federal or state-registered trademark applied for or registered. Defendant's  use of MIKES BIKES is an infringement of Plaintiff's trademarks.

**(B)    Defendant's Facts**

Since 1982, Mike Brain has continuously operated a bicycle service and retail sales business in Contra Costa County under the name "Mike's Bikes".  Mr. Brain's business location has moved several times, and for the first several years was mobile, but has always focused on the Pleasant Hill area.

When Mr. Brain started Mike's Bikes, Plaintiff operated exclusively as "Mike's Bicycle Center" and advertised itself as "Mike's Bicycle Center," "Mike's Bicycle Center and Sausalito Cyclery" and "Mike's Bicycle Center of Sausalito." Plaintiff did not begin using the name "Mike's Bikes" until the late 1990s, by which time Mr. Brain's business was well-established, well known, and highly regarded by customers.

The territory from which a retail bicycle store usually pulls customers is a limited radius of no more than several miles.  Customers do not customarily drive from Sausalito or San Rafael to Pleasant Hill, or even through the Caldecott Tunnel, to purchase bicycles or related accessories or repair services.  Plaintiff has never had a business in Contra Costa County.  The two businesses operated harmoniously with one another for more than two decades.  Plaintiff, or its predecessors, were aware or should have been aware of Mr. Brain's business.  Mr. Brain's business maintained Yellow Pages advertisements, circulated mailers in Contra Costa County, registered the domain name mikesbicycles.com and maintained its website there since October 2000, and Mr. Brain is well known in the bicycle industry as the owner of Mike's Bikes.

This dispute was not born until 2005, when Mr. Brain's business was awarded the San Francisco Bay Area Consumers' Checkbook's top rating for sales service quality, repair quality, accessories pricing, and repair pricing in the category of Bicycle Sales and Repair.  At least 82% of those surveyed in each category of service rated Mr. Brain's business "superior," and Mr. Brain's prices merited bold and italics, denoting Checkbook's conclusion of "best prices" for both accessories and repairs.  None of the Plaintiff's three listed businesses came close to these ratings.  Following the release of these results, a reporter for ABC television, Michael Finney, taped a show which highlighted some of the local

business winners of the highest Checkbook ratings, and featured Mr. Brain's

business.  He pointed out that Mr. Brain's Mike's Bikes was not affiliated with the

other Mike's Bikes locations listed in the publication.

3. **Legal Issues**

    a. Whether Mike Brain's use of the mark MIKES BIKES causes or is likely to cause public confusion with Headlands Ventures, L.L.C. MIKES marks.

    b. Whether Headlands Ventures, L.L.C. may stop any person or firm from manufacture, design, advertising or sale of bicycle and bicycle related products and services using the registered trademark MIKES BIKES.

    c. Whether Mike Brain's activities have infringed and diluted Headlands Ventures, L.L.C.'s trademarks, under both federal and California law.

    d. Whether Mike Brain's activities have committed acts of unfair business practices and the damages amount related thereto.

    e. Headlands Ventures, L.L.C. will also raise the validity of Mike Brain's affirmative defenses, as a matter of law.

f.  Whether Defendant's use of the Mike's Bikes trademark  and the domain name has, and will continue to create confusion among internet browsers.

g.  Whether there is actual confusion about the "brick & mortar" shoppers, map makers, events organizers and others who will believe any business identified by this name is maintained, sponsored by, or affiliated with Plaintiff, or worse, confused shoppers will use Defendant's services over Plaintiff's due to the confusion.

h.  Defendant's willful and knowing use of the common law marks of Plaintiff and its registrations. Use by Defendant of this name violates Plaintiff's legal rights in its MIKE'S mark, MIKE'S BIKES® (Registration Number: 3100552 ) trademark MIKES BICYCLE CENTER® (Registration Number: 3103671) and the MIKES BIKES® logo mark, and constitutes unfair competition and infringement of Plaintiff 's trademarks.

i.  Whether there is any reason to deviate from bright line and settled law that, for a mark to be infringing, exact similitude is not required between the allegedly confusing marks.

### *Mike Brain's Statement of Legal Issues*

a.  Whether Plaintiff is permitted to make a unilateral change in its mark by forming a name identical to that which another company

Case No.:  CV 08- 0059 JSW   - 8 -   JOINT CASE MANAGEMENT STATEMENT

has already occupied, and then asserting that it has stronger rights than the party to whose mark it has moved.

b.  Whether Plaintiff is engaging in misuse of trademark law to achieve the fundamentally inequitable result of permitting a company doing business under one name to move to another name after the new mark is popularized by another business.

c.  Whether Plaintiff is permitted to abandon its composite mark consisting of descriptive terms and move to a different composite mark, while still maintaining the same date of first use in commerce.

d.  Whether Plaintiff's mark is too weak to merit protection, since it is a composite of descriptive elements.

e.  Whether Plaintiff's suit is barred by the equitable defenses of laches or waiver, given the elapse of 25 years between Defendant's first use of the mark and Plaintiff's suit for infringement.

4. **<u>Motions</u>**

No motions are currently on the calendar.  The parties anticipate that there will be a need for discovery motions, such as motions to compel and motions for protective orders.

**a.** Headlands Ventures, LLC contemplates making a motion for an injunction to stop the infringement.

**b.** A motion for partial summary judgment with respect to defendants' liability for infringement of Headlands Ventures, LLC federally registered trademarks.

**c.** Headlands Ventures, L.L.C. also anticipates motion practice challenging Mike Brain's affirmative defenses and seeking a declaration of validity for its trademarks.

**d.** Mr. Brain will be filing a motion for summary judgment within the next 30 days.

5. **Amendment of Pleadings**

    **a.** After conducting discovery, Headlands Ventures, LLC may amend its claims to include claims for trademark infringement against Mike Brain suppliers and customers.

    **b.** Mr. Brain is considering a counterclaim for trademark infringement and Lanham Act violations.

6. **Evidence Preservation**

    **a.** The parties assert that each has taken reasonable steps to preserve potentially relevant evidence, including hard copy and electronic documents, and has ceased any applicable document

retention policies that may result in the destruction or erasure of such evidence.

7. **Disclosures**

    **a.** Headlands Ventures, L.L.C. served its initial disclosures on March 26, 2008; they are due by April 4, 2008. The parties stipulate that they will exchange initial disclosures on April 4, 2008 .

8. **Discovery**

    **a. Discovery Taken To Date.** To date, no discovery has been taken by Mike Brain. Headlands Ventures, L.L.C. served Interrogatories and Request for Production of Documents by mail on Mike Brain on March 26, 2008.

    **b. Scope of Anticipated Discovery.** The lists of topics provided below are in no way meant to be limiting. The parties retain the right to pursue discovery on any topic to which it is entitled to discovery under the Federal Rules of Civil Procedure, the Local Rules for the Northern District of California, and the Discovery Orders entered by this Court.

c. **Headlands Ventures, L.L.C. Statement**

Headlands Ventures, LLC intends to propound document requests, interrogatories and requests for admission, and to take depositions relating to the following subjects:

(1)     The manufacture, sale, distribution and promotion of any infringing products and services; (2)   Mike Brain's sales of infringing products and services; (3)   Mike Brain's knowledge of Headlands Ventures, LLC rights and what he knew of them when he started infringing in 1982; (4)      Mikes Brain's customers for the infringing products and services and their examination for confusion evidence; (5) Mike Brain's involvement in his decision to advertise, distribute and sell the infringing products and services; (7)   The allegations in the Complaint; and (8) The affirmative defenses asserted by Mike Brain.

d. **Mike Brain's Statement** -- Should Mr. Brain's summary judgment motion be denied, Mr. Brain will propound written discovery regarding Plaintiff's history of use of the mark "Mike's Bikes," its knowledge of Mr. Brain's business, its channels of trade and customer base including applicable

Case No.:  CV 08- 0059 JSW   - 12 -   JOINT CASE MANAGEMENT STATEMENT

territories, and the bases for the allegations in the Complaint. Mr. Brain will also take depositions of adverse witnesses identified during discovery.

9. **Limitations Or Modifications Of The Discovery Rules.** Unless otherwise noted below, the parties agree that discovery will not be conducted in phases or be limited to or focused upon any particular issues. The parties further agree that discovery will be conducted as provided by the Federal Rules of Civil Procedure and do not believe that any limitations or modifications of the Discovery Rules are necessary at this time other than the minor departures discussed below. Except as otherwise set forth herein, Headlands Ventures, L.L.C does not believe that any modification or limitation of the discovery rules is necessary.

10. **Electronically Stored Information.** The parties anticipate that some relevant documents will include electronically stored information, such as emails. The parties however, have not yet reached an agreement on how such information will be produced but will work together to reach a cost-effective e-discovery model that may include producing documents in XLS, OCR searchable PDF or TIFF format. Mr. Brain reserves the right to demand that information be produced in native format.

Case No.: CV 08- 0059 JSW   - 13 -   JOINT CASE MANAGEMENT STATEMENT

**11.** **Other Orders** **That Should Be Entered Under Rule 26(c).** Due to the sensitive nature of some of the materials subject to discovery, which may include personal and private information of third parties. Headlands Ventures, L.L.C. believes that is necessary for the parties to enter into a stipulated protective order governing confidentiality to ensure that the disclosure of such materials is limited and will preserve their right to privacy and trade secrets. Further, during the course of discovery, Plaintiff anticipates filing documents and things under seal, particularly those items relating to financial information, trade secret information, and other business confidential information. Mr. Brain does not agree with Plaintiff that this case turns on any information that is subject to confidentiality, but agrees to work with Plaintiff regarding protective orders where such orders are appropriate and will not result in prohibitive expense or inhibit the communication of information between attorney and client.

**12.** **Proposed Discovery Plan.** See proposed case management schedule below.

**13.** **Class Actions.** This case is not a class action suit.

**14.** **Related Cases.** There is a Cancellation action at the Trademark Trial and Appeals Board, No. 92048501 that has been suspended by Headlands Ventures, L.L.C. motion.

*15.* **Relief**

Case No.:  CV 08- 0059 JSW   - 14 -   JOINT CASE MANAGEMENT STATEMENT

a. ***Headlands Ventures, L.L.C.'s  Statement*** Headlands Ventures,

L.L.C. seeks the following relief:

1. An Order for Injunctive Relief for Infringement under State and Federal

    Law, that this Court grant an injunction pursuant to the powers granted it

    under 15 U.S.C.A. § 1116, enjoining and restraining Defendant and its

    agents, servants and employees from directly or indirectly using the

    marks MIKE'S, MIKES Bicycle Center, MIKE'S BIKES or any other

    mark, word, or name similar to plaintiff's mark which is likely to cause

    confusion, mistake or to deceive.

2. That this Court, pursuant to the power granted it under 15 U.S.C.A. 1118,

    order that all labels, signs, prints, packages, wrappers, receptacles, and

    advertisements in the possession of Defendant bearing the marks MIKE'S

    BIKES and MIKE'S in connection with bicycle sales and services and all

    plates, molds, matrices and other means of making the same, shall be

    delivered up and destroyed.

3. For Common-Law Unfair Competition, that this Court grant an

    injunction enjoining and restraining Defendant and its agents, servants

    and employees from (1) directly or indirectly using the word MIKE'S

    and MIKE'S BIKES or any other mark, word or name similar to

Plaintiff's mark which is likely to cause confusion and (2) continuing any and all acts of unfair competition as herein alleged.

4. That Defendant be required to account to Plaintiff for any and all profits derived by Defendant from the sale of its goods and services and for all damages sustained by Plaintiff by reason of said acts of infringement and unfair competition complained of herein.

5. Treble Damages for Infringement under Lanham Act § 43(a), that this Court award Plaintiff treble the amount of actual damages suffered by Plaintiff.

6. Punitive Damages, that this Court award punitive and exemplary damages against Defendant and in favor of Plaintiff in the sum of at least $500,000 by reason of Defendant's fraud and palming off.

7. That costs of this action be awarded Plaintiff.

8. That this is an exceptional case and that Plaintiff be awarded its reasonable attorney's fees.

***Mike Brain's Statement*** -- Mr. Brain seeks a denial of all claims asserted in the Complaint.

16. **Settlement and ADR.**

**a.** The parties had some initial settlement discussions before the filing of this action, but those discussions were not fruitful. Headlands Ventures, L.L.C. would agree to mediation or "settlement conference" with a Magistrate not assigned to this Action.

**b.** Mike Brain has asserted a desire to have an Early Neutral Evaluation.

17. **Consent to Magistrate Judge For All Purposes**

The parties do not agree to consent to a Magistrate Judge for all purposes.

18. **Other References**  The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. As discussed above, the parties agree that non-binding mediation before a magistrate not assigned to this case is the most appropriate form of ADR.

19. **Narrowing of Issues**

Where appropriate, the parties agree to narrow factual issues by stipulation and/or through requests for admission. In addition, the parties will streamline the presentation of evidence at trial by stipulating to the authenticity of certain documents and exhibits.

20. **Expedited Schedule**

At this time, the parties do not believe that this case may be handled on an

expedited basis with streamline procedures.

21. **<u>Scheduling</u>**

The parties have tentatively agreed on a joint schedule

### *Joint Proposed Schedule*

| | |
|---|---|
| Fact Discovery Cut-Off: | November 28 2008 |
| Expert Witness Disclosures: | January 9, 2009 |
| Rebuttal Expert Reports | February 27 2009 |
| Expert Deposition Deadline | April 3, 2009 |
| Dispositive Motions (hearing deadline): | May 22, 2009 |
| Pre-Trial Conference | June 8, 2009 |

22. **<u>Trial</u>**   This case will be tried by a jury to the extent a jury may decide issues

associated with the case.  All other issues will be decided by the Court.  The

parties estimate that the trial will take approximately 5 days.

*a.*   **<u>Disclosure of Non-Party Interested Entities or Persons</u>**  The parties have

filed their respective "Certification of Interested Entities or Persons" as

required by Civil L.R. 3-16.  The parties re-state their certifications as

follows:

b. ***Headlands Ventures, L.L.C.'s Statement.*** Pursuant to Civil Local Rule 3-16, the undersigned counsel of record for Plaintiff Headlands Ventures, LLC certifies that the following listed persons and entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of the proceeding:

| Person/Entity | Relationship/Interest |
| --- | --- |
| Headlands Ventures, LLC | Plaintiff |
| Mike Gabrys and Kendrick Martin | Members of Headlands Ventures, LLC |

This certification is made to enable the Court to evaluate possible disqualification or recusal.

***Mike Brain's Statement***

| Person/Entity | Relationship/Interest |
| --- | --- |
| Mike Brain | Defendant |
| Amy Brain | Defendant's spouse |

4/3/08 (25202) #298663.1

23. **Other Matters.** There are no other matters that the parties need to bring to the Court's attention with respect to facilitating the just, speedy and inexpensive disposition of this matter.

Dated:  April 3, 2008                      Law Offices of Green & Green

By:  Philip Green ATTORNEY for Headlands Ventures, LLC.

Dated: April 4, 2008                      Fitzgerald Abbott & Beardsley LLP

By:  William E. Adams ATTORNEY for Defendant Mike Brain

4/3/08 (25202) #298663.1