PHILIP GREEN #92389
BEVERLY R. GREEN #92388
1000 4th Street, Suite 595
San Rafael, CA 94901
Telephone: (410) 457-8300
Email: phil@iplegal.com

Attorneys for Plaintiff, Headlands Ventures, LLC

WILLIAM E. ADAMS #153330
DAWN NEWTON #209002
FITZGERALD ABBOTT & BEARDSLEY LLP
1221 Broadway, 21st Floor
Oakland, California 94612
Telephone: (510) 451-3300
Facsimile: (510) 451-1527
Email: wadams@fablaw.com; dnewton@fablaw.com

Attorney for Defendant, Mike Brain

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

| | |
|---|---|
| HEADLANDS VENTURES, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> MIKE BRAIN, dba MIKE'S BIKES, <br><br> Defendant | Case No.: CV 08-0059 JSW <br><br> JOINT CASE MANAGEMENT STATEMENT AND REQUEST FOR CONTINUANCE <br><br> Judge: Hon. Jeffrey S. White <br><br> Complaint Filed: January 2, 2008 <br> Trial Date: None Set |

## I. INTRODUCTION

This is an action for trademark infringement brought by Plaintiff Headlands Ventures, LLC, as the owner of a chain of six MIKE'S BIKES stores in Marin and Alameda counties, against Defendant Mike Brain, the sole proprietor of a single MIKE'S BIKES store in Contra Costa County. Plaintiff alleges that its rights are superior to Defendant's in the mark "MIKE'S" for bicycles, on the ground that it began using "MIKE'S" in connection with bicycle sales in or about 1964. Defendant alleges that his rights are superior to Plaintiffs, on the ground that Plaintiff was originally MIKE'S Bicycle Center, that Defendant has been MIKE'S BIKES in the

1
JOINT CASE MANAGEMENT STATEMENT AND REQUEST FOR CONTINUANCE
CASE NO.: CV 08-0059 JSW

8/29/08 (25202) #315643.1

same city for 26 years, and that Plaintiff did not adopt the mark MIKE'S BIKES until the late 1990s and did not seek trademark registration of the name until 2005.

## II. STATUS UPDATE AND REQUEST FOR CONTINUANCE DUE TO POTENTIAL SETTLEMENT PROGRESS

The parties met and conferred prior to the preparation of this joint updated Case Management Conference ("CMC") statement. The information which is most relevant to the upcoming CMC is listed in this section, and other information required by the Local Rules is listed below in section III of this pleading and remains unchanged from the prior CMC statement submitted to this Court.

1. Settlement and ADR

   a. On July 7, 2008, the parties participated in a settlement conference before Magistrate Judge Chen. Despite good faith efforts, the parties were unable to reach settlement at that time.

   b. For the past month, the principals of both businesses have been engaged in settlement discussions directly with one another. Counsel are informed and believe that the settlement discussions are progressing favorably and that there is a strong possibility that the case will settle within the next 60 days.

2. Request for Continuance of Case Management Conference

   Because of the settlement discussions taking place directly between the parties, counsel request that this Court consider continuing this Case Management Conference to any date convenient to the Court on or after October 24, 2008. Counsel strongly believe that this is in the interests of judicial economy and will assist the parties in continuing to focus on amicable settlement efforts.

3. Scheduling

   If this matter does not settle, the parties will require a short amount of additional time in which to conclude their discovery efforts. The parties request that their previous proposed schedule be modified as follows:

|   |   |   |
|---|---|---|
| 1 | *Joint Proposed Schedule* | |
| 2 | Fact Discovery Cut-Off: | February 27, 2009 |
| 3 | Expert Witness Disclosures: | March 11, 2009 |
| 4 | Rebuttal Expert Reports | May 1, 2009 |
| 5 | Expert Deposition Deadline | June 12, 2009 |
| 6 | Dispositive Motions (hearing deadline): | July 24, 2009 |
| 7 | Pre-Trial Conference | August 7, 2009 |

III. **REMAINING ISSUES REQUIRED BY LOCAL RULES**

   4. Jurisdiction and Venue

   a. The parties agree that the Court has subject matter jurisdiction over Headlands Ventures, L.L.C.'s claims under 28 U.S.C. §§ 1331, 1338, 1367 (a), in that it is a civil action presenting a Federal question arising under the Lanham Act, 15 U.S.C. § 1051 et seq. No issues currently exist with respect to personal jurisdiction and venue. All parties believe that venue in the Northern District of California is proper. Headlands Ventures, L.L.C. and Mike Brain have appeared and have been served with the Complaint and Answer.

   5. Facts

   (A) Plaintiff's Facts

   Headlands Ventures, and its predecessors have used consistently the name "**MIKES**" since the mid 1960's with regard to its bicycle centers, shops, repair services retail bicycle sales, parts sales and services, Retail outlets featuring bicycles; Retail shops featuring bicycles; Retail store services featuring bicycles; Retail store services in the field of bicycles featuring a bonus incentive program for customers; Retail store services, available through computer communications and interactive television, featuring bicycles and bicycle repair; Retail stores featuring bicycles and Retail bicycle stores.

   Plaintiff adopted and has used the trademarks MIKE'S, MIKES BIKES, MIKE'S Bicycle Center and other MIKES marks for Bicycle sales and service for more than 44 years, has expended large sums to advertise, use and maintain its trademark and has established

1  substantial good will in this mark. Specifically, Plaintiff and its predecessors in interest have
2  used the MIKE'S trademark since at least as early as December 31, 1964 and in advertising
3  since 1966. During these past 44 years, Plaintiff has made great efforts to establish public
4  recognition of its mark as identifying it as the source of high quality bicycle sales, service and
5  support. As a result of these efforts, Plaintiff has established substantial consumer recognition of
6  the Mike's Bikes trademark and goodwill, and it has become one of Plaintiff's valuable assets.
7       By late 1966 Plaintiff had become a very popular bicycle retail and service center and
8  had become known to its clientele and customers as MIKE'S BIKES.
9       Plaintiff has obtained a federal registration of its MIKE'S BIKES ® trademark on the
10 Principal Register of the United States Patent and Trademark Office, Registration No. 3100552
11 which is currently in full force and effect.
12      Plaintiff has developed and has used the Domain Name www.mikesbikes.com at least
13 since 29 October, 1999 and has used the
14      Domain Name mikesbicyclecenter.com at least since January 14, 1999, to advertise its
15 services.
16      Upon information and belief, Defendant is using the identical trademark "Mike's Bikes"
17 and the domain name "Mikesbicycles.com" for what are identical services. Further,
18 Defendant's use of Mike's Bikes is only a fictitious name for Mike Brain who is a sole
19 proprietorship business organized and existing under the laws of the State of California.
20      Defendant Mike Brain conducts his business over the internet through its website at
21 http://mikesbicycles.com and on the website, in signs, advertisements and other ways Defendant
22 Mike Brain advertises his business as "Mikes Bikes" which serves to increase confusion
23 nationally and internationally.
24      Defendant is a seller of bicycle maintenance and repair services and retail services
25 featuring bicycles and bicycle parts, apparel and accessories since February 1982, in direct
26 competition with Plaintiff. Upon information and belief, Defendant Mike Brain is the only
27 principal and person in control of Mikes Bikes / Pleasant Hill. Upon information and belief,
28

4
JOINT CASE MANAGEMENT STATEMENT AND REQUEST FOR CONTINUANCE
CASE NO.: CV 08-0059 JSW
8/29/08 (25202) #315643.1

Defendant started his business in direct competition and with full knowledge of MIKE'S BIKES ® and is acting in willful infringement of Plaintiff's rights. Defendant has no federal or state-registered trademark applied for or registered. Defendant's use of MIKE'S BIKES is an infringement of Plaintiff's trademarks.

(B)  Defendant's Facts

Since 1982, Mike Brain has continuously operated a bicycle service and retail sales business in Contra Costa County under the name "Mike's Bikes". Mr. Brain's business location has moved several times, and for the first several years was mobile, but has always focused on the Pleasant Hill area.

When Mr. Brain started Mike's Bikes, Plaintiff operated exclusively as "Mike's Bicycle Center" and advertised itself as "Mike's Bicycle Center," "Mike's Bicycle Center and Sausalito Cyclery" and "Mike's Bicycle Center of Sausalito." Plaintiff did not begin using the name "Mike's Bikes" until the late 1990s, by which time Mr. Brain's business was well-established, well known, and highly regarded by customers.

The territory from which a retail bicycle store usually pulls customers is a limited radius of no more than several miles. Customers do not customarily drive from Sausalito or San Rafael to Pleasant Hill, or even through the Caldecott Tunnel, to purchase bicycles or related accessories or repair services. Plaintiff has never had a business in Contra Costa County. The two businesses operated harmoniously with one another for more than two decades. Plaintiff, or its predecessors, were aware or should have been aware of Mr. Brain's business. Mr. Brain's business maintained Yellow Pages advertisements, circulated mailers in Contra Costa County, registered the domain name mikesbicycles.com and maintained its website there since October 2000, and Mr. Brain is well known in the bicycle industry as the owner of Mike's Bikes.

This dispute was not born until 2005, when Mr. Brain's business was awarded the San Francisco Bay Area Consumers' Checkbook's top rating for sales service quality, repair quality, accessories pricing, and repair pricing in the category of Bicycle Sales and Repair. At least 82% of those surveyed in each category of service rated Mr. Brain's business "superior," and Mr.

Brain's prices merited bold and italics, denoting Checkbook's conclusion of "best prices" for both accessories and repairs. None of the Plaintiff's three listed businesses came close to these ratings. Following the release of these results, a reporter for ABC television, Michael Finney, taped a show which highlighted some of the local business winners of the highest Checkbook ratings, and featured Mr. Brain's business. He pointed out that Mr. Brain's Mike's Bikes was not affiliated with the other Mike's Bikes locations listed in the publication.

6. <u>Plaintiff's Statement of Legal Issues</u>

   a. Whether Mike Brain's use of the mark MIKES BIKES causes or is likely to cause public confusion.

   b. Whether Headlands Ventures, L.L.C. may stop any person or firm from manufacture, design, advertising or sale of bicycle and bicycle related products and services using the registered trademark MIKES BIKES.

   c. Headlands Ventures, L.L.C. believes the legal issues presented by its case is whether Mike Brain's activities have infringed and diluted Headlands Ventures, L.L.C.'s trademarks, under both federal and California law as well as committed acts of unfair business practices and the damages amount related thereto. Headlands Ventures, L.L.C. will also raise the validity of Mike Brain's affirmative defenses, as a matter of law.

   d. Whether Defendant's use of the Mike's Bikes trademark and the domain name has, and will continue to create confusion among internet browsers and "brick & mortar" shoppers who will believe any business identified by this name is maintained, sponsored by, or affiliated with Plaintiff, or worse, confused shoppers will use Defendant's services over Plaintiff's.

   e. Defendant's willful and knowing use of the common law marks of Plaintiff and its registrations. Use by Defendant of this name violates Plaintiff's legal rights in its MIKE'S mark, MIKE'S BIKES® (Registration Number: 3100552 ) trademark MIKES BICYCLE CENTER® (Registration Number: 3103671) and the MIKES BIKES® logo mark, and constitutes unfair competition and infringement of Plaintiff's trademarks.

7. <u>Mike Brain's Statement of Legal Issues</u>

    a. Whether Plaintiff is permitted to make a unilateral change in its mark by forming a name identical to that which another company has already occupied, and then asserting that it has stronger rights than the party to whose mark it has moved.

    b. Whether Plaintiff is engaging in misuse of trademark law to achieve the fundamentally inequitable result of permitting a company doing business under one name to move to another name after the new mark is popularized by another business.

    c. Whether Plaintiff is permitted to abandon its composite mark consisting of descriptive terms and move to a different composite mark, while still maintaining the same date of first use in commerce.

    d. Whether Plaintiff's mark is too weak to merit protection, since it is a composite of descriptive elements.

    e. Whether Plaintiff's suit is barred by the equitable defenses of laches or waiver, given the elapse of 25 years between Defendant's first use of the mark and Plaintiff's suit for infringement.

8. <u>Motions</u>

No motions are currently on the calendar. The parties anticipate that there will be a need for discovery motions, such as motions to compel and motions for protective orders.

    a. Headlands Ventures, LLC contemplates making a motion for an injunction to stop the infringement.

    b. A motion for partial summary judgment with respect to defendants' liability for infringement of Headlands Ventures, LLC federally registered trademarks.

    c. Headlands Ventures, L.L.C. also anticipates motion practice challenging Mike Brain's affirmative defenses and seeking a declaration of validity for its trademarks.

    d. Mr. Brain anticipates filing a motion for summary judgment within the next 30 days.

9. Amendment of Pleadings

 a. After conducting discovery, Headlands Ventures, LLC may amend its claims to include claims for trademark infringement against Mike Brain suppliers and customers.

 b. Mr. Brain is considering a counterclaim for trademark infringement and Lanham Act violations.

10. Evidence Preservation

 a. The parties assert that each has taken reasonable steps to preserve potentially relevant evidence, including hard copy and electronic documents, and has ceased any applicable document retention policies that may result in the destruction or erasure of such evidence.

11. Disclosures

The parties have exchanged their initial disclosures pursuant to Rule 26.

12. Discovery

 a. **Discovery Taken To Date.** Plaintiff has propounded and Defendant has responded to one round of written discovery. Plaintiff has noticed Defendant's deposition, and Defendant has propounded a round of written discovery whose deadlines have been moved to not earlier than September 26, 2008 by stipulation between the parties to allow settlement discussions to continue.

 b. **Scope of Anticipated Discovery.** The lists of topics provided below are in no way meant to be limiting. The parties retain the right to pursue discovery on any topic to which it is entitled to discovery under the Federal Rules of Civil Procedure, the Local Rules for the Northern District of California, and the Discovery Orders entered by this Court.

 c. **Headlands Ventures, L.L.C. Statement**

Headlands Ventures, LLC intends to propound document requests, interrogatories and requests for admission, and to take depositions relating to the following subjects: (1) The manufacture, sale, distribution and promotion of any infringing products and services; (2) Mike Brain's sales of infringing products and services; (3) Mike Brain's knowledge of Headlands Ventures, LLC rights and what he knew of them when he started infringing in 1982; (4) Mikes

Brain's customers for the infringing products and services and their examination for confusion evidence; (5) Mike Brain's involvement in his decision to advertise, distribute and sell the infringing products and services; (6) The allegations in the Complaint; and (7) The affirmative defenses asserted by Mike Brain.

        d. **Mike Brain's Statement** -- Should Mr. Brain's summary judgment motion be denied, Mr. Brain will propound written discovery regarding Plaintiff's history of use of the mark "Mike's Bikes," its knowledge of Mr. Brain's business, its channels of trade and customer base including applicable territories, and the bases for the allegations in the Complaint. Mr. Brain will also take depositions of adverse witnesses identified during discovery.

13. <u>Limitations Or Modifications Of The Discovery Rules</u>

Unless otherwise noted below, the parties agree that discovery will not be conducted in phases or be limited to or focused upon any particular issues. The parties further agree that discovery will be conducted as provided by the Federal Rules of Civil Procedure and do not believe that any limitations or modifications of the Discovery Rules are necessary at this time other than the minor departures discussed below. Except as otherwise set forth herein, Headlands Ventures, LLC does not believe that any modification or limitation of the discovery rules is necessary.

14. <u>Electronically Stored Information</u>

The parties anticipate that some relevant documents will include electronically stored information, such as emails. The parties however, have not yet reached an agreement on how such information will be produced but will work together to reach a cost-effective e-discovery model that may include producing documents in XLS, OCR searchable PDF or TIFF format. Mr. Brain reserves the right to demand that information be produced in native format.

15. <u>Other Orders That Should Be Entered Under Rule 26(c)</u>

Due to the sensitive nature of some of the materials subject to discovery, which may include personal and private information of third parties, Headlands Ventures, L.L.C. believes

1 | that is necessary for the parties to enter into a stipulated protective order governing
2 | confidentiality to ensure that the disclosure of such materials is limited and will preserve their
3 | right to privacy and trade secrets. Further, during the course of discovery, Plaintiff anticipates
4 | filing documents and things under seal, particularly those items relating to financial information,
5 | trade secret information, and other business confidential information. Mr. Brain does not agree
6 | with Plaintiff that this case turns on any information that is subject to confidentiality, but agrees
7 | to work with Plaintiff regarding protective orders where such orders are appropriate and will not
8 | result in prohibitive expense or inhibit the communication of information between attorney and
9 | client.

16. <u>Proposed Discovery Plan</u>

The proposed discovery schedule is listed above in section II(3).

17. <u>Class Actions</u>

This case is not a class action suit.

18. <u>Related Cases</u>

There is a Cancellation action at the Trademark Trial and Appeals Board, No. 92048501 that has been suspended by Headlands Ventures, L.L.C. motion.

19. <u>Relief</u>

    a. Headlands Ventures, L.L.C.'s Statement Headlands Ventures, L.L.C. seeks the following relief:

        (i) An Order for Injunctive Relief for Infringement Under Federal Law, that this Court grant an injunction pursuant to the powers granted it under 15 U.S.C.A. § 1116, enjoining and restraining Defendant and its agents, servants and employees from directly or indirectly using the marks MIKE'S, MIKES Bicycle Center, MIKE'S BIKES or any other mark, word, or name similar to plaintiff's mark which is likely to cause confusion, mistake or to deceive.

        (ii) That this Court, pursuant to the power granted it under 15 U.S.C.A. 1118, order that all labels, signs, prints, packages, wrappers, receptacles, and

advertisements in the possession of Defendant bearing the marks MIKE'S BIKES and MIKE'S in connection with bicycle sales and services and all plates, molds, matrices and other means of making the same, shall be delivered up and destroyed.

        (iii)    For Common-Law Unfair Competition, that this Court grant an injunction enjoining and restraining Defendant and its agents, servants and employees from (1) directly or indirectly using the word MIKE'S and MIKE'S BIKES or any other mark, word or name similar to Plaintiff's mark which is likely to cause confusion and (2) continuing any and all acts of unfair competition as herein alleged.

        (iv)    That Defendant be required to account to Plaintiff for any and all profits derived by Defendant from the sale of its goods and for all damages sustained by Plaintiff by reason of said acts of infringement and unfair competition complained of herein.

        (v)    Treble Damages for Infringement under Lanham Act § 43(a), that this Court award Plaintiff treble the amount of actual damages suffered by Plaintiff.

        (vi)    Punitive Damages, that this Court award punitive and exemplary damages against Defendant and in favor of Plaintiff in the sum of at least $500,000 by reason of Defendant's fraud and palming off.

        (vii)    That costs of this action be awarded Plaintiff.

        (viii)    That this is an exceptional case and that Plaintiff be awarded its reasonable attorney's fees.

**Mike Brain's Statement** -- Mr. Brain seeks a denial of all claims asserted in the Complaint.

20. <u>Consent to Magistrate Judge For All Purposes</u>

The parties do not agree to consent to a Magistrate Judge for all purposes.

21. <u>Other References</u>

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. As discussed above, the parties

---
11
JOINT CASE MANAGEMENT STATEMENT AND REQUEST FOR CONTINUANCE
CASE NO.: CV 08-0059 JSW

8/29/08 (25202) #315643.1

1 | agree that non-binding mediation before a magistrate not assigned to this case is the most
2 | appropriate form of ADR.

3 | 22. Narrowing of Issues

4 | Where appropriate, the parties agree to narrow factual issues by stipulation and/or
5 | through requests for admission. In addition, the parties will streamline the presentation of
6 | evidence at trial by stipulating to the authenticity of certain documents and exhibits.

7 | 23. Expedited Schedule

8 | At this time, the parties do not believe that this case may be handled on an expedited
9 | basis with streamline procedures.

10 | 24. Trial

11 | This case will be tried by a jury to the extent a jury may decide issues associated with
12 | the case. All other issues will be decided by the Court. The parties estimate that the trial will
13 | take approximately 5 days.

14 | 25. Other Matters

15 | There are no other matters that the parties need to bring to the Court's attention with
16 | respect to facilitating the just, speedy and inexpensive disposition of this matter.

17 | Dated: August 29, 2008                LAW OFFICE OF GREEN & GREEN

18 |                                       By /s/ Philip R. Green
19 |                                       Philip Green, Attorney for Headlands Ventures, LLC
20 |
21 |
22 | Dated: August 29, 2008                FITZGERALD ABBOTT & BEARDSLEY LLP
23 |
24 |                                       By _____
                                            William E. Adams
25 |                                       Attorney for Mike Brain
26 |
27 |
28 |

---
12
---
JOINT CASE MANAGEMENT STATEMENT AND REQUEST FOR CONTINUANCE
CASE NO.: CV 08-0059 JSW

8/29/08 (25202) #315643.1